■ In the Matter of DANIEL J. LUNT, Appellant, v BENJAMIN WARD, as Police Commissioner of the City of New York, et al., Respondents.—Judgment of the Supreme Court, New York County (Walter Schackman, J.), entered on or about May 18, 1989, which dismissed the CPLR article 78 petition seeking accident retirement benefits pursuant to General Municipal Law § 207-k, unanimously reversed, on the law, the petition reinstated, and the matter remanded to respondents to conduct stress-related test(s) to determine if petitioner's defective heart condition was caused by his employment with the Department, without costs.

The conclusory opinion of the Medical Board of the Police Pension Fund, which stated, in the absence of stress tests, that petitioner's irregular heart beat (atrial fibrillation) stemmed from an unknown cause, was improperly relied upon by the Pension Fund's board of trustees as constituting competent

medical evidence to rebut the "Heart Bill" presumption *(see, General Municipal Law § 207-k; see also, Matter of Gumbrecht v McGuire,* 117 AD2d 531, 533). Notably, not only did petitioner allege that his defective heart condition was caused by the stress associated with his police duties, but the record reveals that petitioner experienced his first symptoms of heart disease approximately 10 years after he was appointed to the police force. Concur—Ross, J. P., Carro, Asch and Rubin, JJ.